IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01389-BNB

JASON D. ROBERTSON,

    Plaintiff,

v.

MAYOR OF CENTENNIAL RANDY PYE,
ARAPAHOE COUNTY COMMISSIONERS – BERNIE ZIMMER,
CORRECTIONAL HEALTHCARE MANAGEMENT,
ELAINE MEYERS, HSA,
DR. SCHLEGEL,
NURSE TIM GOSS,
NURSE LAURA IVERSON AND COMPLETE MEDICAL STAFF,
CLASSIFICATION DEPT/NANCY SIVIK, MH/MGR.,
AURORA CITY GOVERNMENT,
MAYOR ED TAUER
AURORA POLICE DEPT. JON DOE & JANE DOE 1-500,
AURORA CHIEF OF POLICE – DANIEL OATS,
18TH JUDICIAL PUBLIC DEFENDERS OFFICE – COLORADO,
JON DOE & JANE DOE 1-100,
DAN KAPLAN,
18TH JUDICIAL DISTRICT ATTORNEY JON DOE & JANE DOE 1-100,
PATRICK J. SULLIVAN, JR., DETENTION FACILITY,
SHERIFF J. GRAYSON ROBINSON,
CAPTAIN BAY,
CHIEF LAUDERDALE,
D/S BEATTY,
D/S CARLE,
D/S FINGER,
D/S BIDON,
D/S ELLIGE,
D/S CLINE,
LT. HARTMAN,
SGT. THOMPSON,
PRE-TRIAL RELEASE SERVICES,
KIM MARTINEZ,
JUDGE CHRISTINE CHAUCHE,
ARAMARK FOOD SERVICES,
EDDIE CILMORE,
MAURICE WOMACK,

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 2 2006

GREGORY C. LANGHAM
CLERK

DIETICIAN JANE STANDISH,
MAILROOM,
LT. MANOS, and
LAW LIBRARY SHEILA CLARK,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Jason D. Robertson is confined at the Arapahoe County Detention Facility (ACDF) in Centennial, Colorado. Mr. Robertson has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Robertson is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Robertson will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient because Mr. Robertson fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Robertson asserts one claim for relief alleging that he was denied medical care when he was arrested and he asserts four claims for relief challenging the conditions of his confinement at the ACDF. Although Mr. Robertson lists the names of various Defendants in connection with each of the claims he asserts, he fails to allege specific facts to demonstrate how each of the Defendants actually violated his constitutional rights. In addition, Mr. Robertson is suing a number of Defendants that have no

apparent connection to either his arrest or his confinement at the ACDF. Therefore, Mr. Robertson will be ordered to file an amended complaint.

Mr. Robertson is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Mr. Robertson should name as Defendants in the amended complaint only those individuals or entities that he believes actually violated his constitutional rights. Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Robertson must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Robertson also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies for each of his claims that relate to the conditions of his confinement. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all

3

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Robertson must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Robertson has not exhausted administrative remedies for each of his claims and all of the issues raised in each of his claims, the entire complaint must be dismissed.

Finally, Mr. Robertson is reminded that he must submit sufficient copies of his amended complaint to serve each named Defendant. Therefore, if Mr. Robertson lists twenty Defendants in his amended complaint, he must submit the original amended complaint to the court with twenty copies to be served on the Defendants. Accordingly, it is

ORDERED that Mr. Robertson file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Robertson, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Robertson fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order

4

to the court's satisfaction, the action will be dismissed without further notice.

DATED October 12, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01389-BNB

Jason Robertson
Prisoner No. 20060004641
Arapahoe County Det. Facility
P.O. Box 4918
Englewood, CO 80155

 I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 10/12/06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk